UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMES MOORE,

      Plaintiff,

                                        Case No. 07-CV-13007
vs.                                       HON. GEORGE CARAM STEEH

LEO BURNETT WORLDWIDE, INC., et al.,

      Defendants.

_____/

## ORDER DISMISSING CLAIMS FOR LACK OF FEDERAL SUBJECT MATTER JURISDICTION ON FAILURE TO SHOW CAUSE (# 12)

On August 14, 2007, plaintiff James Moore was ordered to show cause by August 31, 2007 why his claims of employment discrimination under Michigan's Elliott-Larsen Civil Rights Act (ELCRA), M.C.L. §§ 37.2101 et seq., should not be dismissed for lack of federal diversity jurisdiction considering Moore alleges that defendants Leo Burnett, U.S.A., Inc., and Leo Burnett Detroit, Inc., each have their principal offices in Troy, Michigan. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). Moore is an alleged resident of Michigan. Complete diversity of citizenship is required to confer federal subject matter jurisdiction under 28 U.S.C. § 1332. See Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). Moore filed a timely response on August 29, 2007 requesting leave to file an amended complaint alleging Leo Burnett, U.S.A., Inc., and Leo Burnett Detroit, Inc. share the Chicago, Illinois principal place of business of defendant Leo Burnett Worldwide, Inc. because Leo Burnett Worldwide, Inc. now enjoys all decision-

making authority for the three defendants.

"When formal separation is maintained between a corporate parent and its corporate subsidiary, federal court jurisdiction over the subsidiary is determined by that corporation's citizenship, not the citizenship of the parent." Schwartz v. Electronic Data Systems, Inc., 913 F.2d 279, 283 (6th Cir. 1990). "[E]ven if the parent corporation exerts a high degree of control through ownership or otherwise, and even if the separateness is perhaps only formal, the subsidiary's place of business is controlling for diversity purposes if the corporate separation is real and carefully maintained." Id. (quoting U.S.I. Properties Corp. v. M.D. Construction Co., 860 F.2d 1, 7 (1st Cir. 1988), cert. denied, 490 U.S. 1065 (1989)). As a matter of law, the Chicago principal place of business of defendant Leo Burnett Worldwide, Inc. cannot be imputed to the separate corporate defendants Leo Burnett, U.S.A., Inc., and Leo Burnett Detroit, Inc. based on the former's alleged decision-making authority. The court notes defendant Leo Burnett Detroit, Inc. admits in its answer that its principal office is located in Troy, Michigan. Moore's request to amend is without merit as the amendment would be futile in attempting to establish complete diversity. See Foman v. Davis, 371 U.S. 178, 182 (1962).

In the alternative, Moore asks for leave to file an amended complaint alleging federal claims under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621, et seq., thereby establishing federal question jurisdiction under 28 U.S.C. § 1331. This lawsuit was commenced as a diversity action, and jurisdiction is to be assessed at the time-of-filing. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004). The court lacks subject matter jurisdiction to entertain Moore's request to add federal ADEA claims. Further, Moore admits that he has yet to receive a right-to-sue letter from the

EEOC. Although a right-to-sue letter is not jurisdictional, it's receipt by the plaintiff is a prerequisite for filing an ADEA claim in federal district court. See Sain v. American Red Cross, 233 F.Supp.2d 923, 927 (E.D. Ohio 2002) (citing Puckett v. Tennessee Eastman Co., 889 F.2d 1481, 1486 (6th Cir.1989); Sabouri v. Ohio Dept. of Job and Family Servs., 2002 WL 172709, *2 (6th Cir. Feb.1, 2002)). Moore's argument that efficiencies will be lost if he is forced to file his ELCRA claims in state court and then file a new separate federal ADEA action upon receipt of an EEOC right-to-sue letter is unpersuasive in that state courts enjoy concurrent subject matter jurisdiction over ADEA claims. See 29 U.S.C. § 626(c)(1).

Plaintiff Moore has failed to show cause why this lawsuit should not be dismissed for lack of federal subject matter jurisdiction. Accordingly, plaintiffs' complaint is hereby DISMISSED without prejudice.

SO ORDERED.

Dated: September 4, 2007

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 4, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk

---